UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>COREY WELLS | No. 25 CR 768<br><br>Judge Martha M. Pacold |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. **The Sensitive Materials**: Certain materials, marked as "SENSITIVE," provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Sensitive Materials") are subject to this protective order and may be used by defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. These sensitive materials contain personal identifying information of one or more persons other than the defendants and information that could threaten the safety and privacy interests of victims, witnesses, and third parties if released. These materials shall be plainly marked as SENSITIVE by the government prior to disclosure.

    a. In the government's view, certain of the Sensitive Materials, if disseminated, are significantly likely to endanger the safety and reputational interests of witness(es) and/or persons who provided information to law enforcement.

1

Any such materials marked by the government as "SPECIALLY RESTRICTED MATERIALS" are subject to all of the restrictions that apply to the SENSITIVE MATERIALS, as well as additional restrictions, discussed below. These materials shall be plainly marked as "SPECIALLY RESTRICTED MATERIALS" by the government prior to disclosure.

      b.    In addition, in the government's view certain of the Sensitive Materials, if disseminated, present even higher risk of endangering the safety and reputational interests of witness(es) and/or persons who provided information to law enforcement. Any such materials marked by the government as "ATTORNEYS' EYES ONLY" are subject to all of the restrictions that apply to the SENSITIVE MATERIALS, as well as additional restrictions, discussed below. These materials shall be plainly marked as "ATTORNEYS' EYES ONLY" by the government prior to disclosure.

    2.    **Limits on Disclosure:** Defendants' counsel shall not disclose the Sensitive Materials <u>or their contents</u> directly or indirectly to any person or entity other than (a) defendants, (b) persons employed or appointed to assist in the defense, (c) persons who are interviewed as potential witnesses and counsel for potential witnesses, and (d) other persons to whom the Court may authorize disclosure (hereinafter, individuals other than defendants referred to, collectively, as "authorized persons"). Defendants' counsel shall not copy or reproduce the Sensitive Materials except in order to provide copies of the materials for use in connection with this case, within the limits of this Protective Order. Such copies and reproductions

shall be treated in the same manner as the original Sensitive Materials. Potential witnesses and their counsel may be shown copies of the Sensitive Materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. **Defense Counsel's Responsibility to Advise Persons of this Order:** Before the Sensitive Materials <u>or their contents</u> are provided directly or indirectly to defendants or an authorized person, defense counsel must advise the defendants or authorized person of this Order and provide that person with a copy of this Order.

4. **Records Regarding Individuals To Whom the Sensitive Materials – or the Contents of the Sensitive Materials – Are Disclosed:** Defense counsel shall maintain a record of (1) any person to whom the Sensitive Materials – or their contents – were disclosed. Defense counsel shall maintain a record demonstrating that these individuals have been advised of the terms of this protective order, provided a copy of this protective order, and have signed at the bottom of the acknowledgement of the protective order to document that the individuals have been advised of the protective order. Defense counsel will not disclose such records to the government, unless the Court so orders, but will disclose such records to the Court upon request of the Court.

5. **Defendants May Not Disclose the Sensitive Materials**. Defendants <u>are not authorized</u> to disclose the Sensitive Materials <u>or their contents</u> to any person without applying to this Court for an order authorizing him to make such disclosures.

3

This paragraph does not apply to disclosure to defense counsel and authorized persons, who may disclose the sensitive materials as otherwise discussed in this order.

6. **Limits Regarding Items Designated as Specially Restricted Materials**. In addition to being subject to all of the restrictions pertaining to the Sensitive Materials, materials designated as "Specially Restricted Materials" may not be given to the defendants in any format. Counsel for the defendants may show Specially Restricted Materials to the defendants, but defendants may not make copies or notes of such materials, nor may defendant retain such materials.

7. **Limits Regarding Items Designated as Attorney's Eyes Only.** In addition to being subject to all of the restrictions pertaining to the Sensitive Materials, materials designated as "Attorneys' Eyes Only" may not be shown or given to any person – including any defendant – other than counsel for defendant (defined as counsel of record in this case) or persons employed by defendant's counsel to assist the defense ("AEO-authorized persons"), without prior notice to the government and authorization from the Court. The information contained in Attorney's Eyes Only materials may be shared with a defendant in general terms, but counsel of record and AEO-authorized persons may not communicate the identities of specific parties referenced in the materials. Absent prior permission from the Court, the Attorney's Eyes Only Materials and information contained therein shall not be included in any public filing with the Court, and instead shall be submitted under seal.

8. **Limits on Filing Sensitive Materials:** Absent prior permission from the Court, copies, in whole or in part, of information marked as "sensitive" shall not be included in any public filing with the Court and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant). Pursuant to the Local Rules, the Court authorizes the filing of information marked as "sensitive" under seal.

9. **Limits on Publicly Identifying Certain Third Parties Identified in the Sensitive Materials:** The Sensitive Materials will identify witnesses and individuals who provided information to law enforcement. The names (full, partial, or initials) of such individuals, other than law enforcement officers, shall not be included in any public filing with the Court, and instead shall be submitted under seal.

10. **Copies to Be Treated as Originals:** Defendants, defendants' counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original sensitive materials. Nothing in this provision shall impact the attorney-client privilege or work product doctrines, which also prohibit disclosure.

11. **Notes to Be Treated as Originals:** Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons,

5

and all such notes or records are to be treated in the same manner as the original sensitive materials. Nothing in this provision shall impact the attorney-client privilege or work product doctrines, which also prohibit disclosure.

12. **Disposal of the Sensitive Materials:** Upon conclusion of all stages of this case, all of the Sensitive Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Sensitive Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. Defendants may not retain copies of the Sensitive Materials. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

13. **Mistaken Production:** To the extent any material is produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

14. **Exceptions:** The restrictions set forth in this Order do not apply to documents and other materials that are or become part of the public court record,

including documents and other materials that have been received in evidence at other trials or have otherwise been made public.

15. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof. The restrictions set forth in this Order may be modified by written agreement of the parties without further Court order.

                                    ENTER:

                                    /s/ Martha M. Pacold
                                    Martha M. Pacold
                                    Judge
                                    United States District Court
                                    Northern District of Illinois

Date: January 28, 2026